IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUNE JOTUNBANE,
a/k/a JEFFREY FORTER,

      Plaintiff,

v.                                                                                                                   No. CV 06-809 WJ/RHS

ERMA SEDILLO, et al.,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgement ("Motion"), filed December 13, 2006 **[Doc. 7]**. Defendants have not filed a response in opposition to the Motion.[1] The United States Magistrate Judge, having considered the Motion and the relevant authorities, concludes that a response to the Motion is not required and finds that the Motion is not well-taken and recommends that it be denied.

Plaintiff, who is incarcerated and proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. (Complaint at 2). Plaintiff's Complaint alleges that Defendants have improperly denied his requests for various religious items, materials and services. Plaintiff seeks injunctive relief and money damages.[2]

---

[1] Failure to respond to a motion "within the prescribed time for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, the Court is unable to determine whether Plaintiff has served the Motion on Defendants. Plaintiff is reminded that, unless otherwise directed by the Court, all pleadings, motions and papers filed by a party in this case must also be served on the other parties. See FED. R. CIV. P. 5; D.N.M.LR-Civ. 7.4(c).

[2] In his Motion, Plaintiff indicates that he "sent defense counsel a settlement proposal . . . offer[ing] to settle for injunctive relief only." (Motion at 1). However, Plaintiff contends that Defendants did not respond to his settlement offer. (Motion at 1-2).

Plaintiff moves for entry of default judgment based on Defendants' alleged failure to timely file an answer to Plaintiff's Complaint, contending that Defendants "had 20 days [from approximately October 28, 2006] to file an answer." (Motion at 1). A review of the docket indicates that notice and waiver forms were mailed to Defendants on October 23, 2006 and that Defendants waived service of summons. (See Waiver of Service of Summons **[Docs. 4-6]**). Because Defendants waived service, they were required to file an answer "within 60 days after the date when the request for waiver was sent." FED. R. CIV. P. 12(a)(1)(B). Defendants served and filed an answer on December 22, 2006. (See Defendants' Answer **[Doc. 8]**). Thus, Defendants filed their answer within the 60 day period allowed under Rule 12(a)(1)(B). Accordingly, the Court recommends that Plaintiff's Motion for Default Judgement **[Doc. 7]** be denied.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                              */s/ Robert Hayes Scott*
                                              ROBERT HAYES SCOTT
                                              UNITED STATES MAGISTRATE JUDGE