# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

RUNE JOTUNBANE,
a/k/a JEFFREY FORTER,

       Plaintiff,

v.                                                                                          No. CV 06-809 WJ/RHS

ERMA SEDILLO, et al.,

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff['s] Motion for Summary Judgement and Memorandum of Law ("Motion for Summary Judgment"), filed January 19, 2007 **[Doc. No. 9]**.  The United States Magistrate Judge, having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, finds that the motion is not well-taken and recommends that it be denied.

    *Background*

Plaintiff, who is incarcerated and proceeding *pro se*, filed this lawsuit alleging that Defendants improperly denied various requests associated with the recognition and practice of his religion.[1]  Plaintiff claims that, in rejecting his requests, Defendants violated Plaintiff's rights to the free exercise of religion and equal protection provided by the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1.  (<u>See</u> Complaint at 2, 3).  Plaintiff seeks

---

    [1]Plaintiff alleges that he "is a sincere follower of the Asatru religion" and that Defendants have improperly denied his requests for certain items, materials and services associated with its practice.  (Motion for Summary Judgment at 1).

injunctive relief and money damages.  On January 19, 2007, Plaintiff filed this Motion for

Summary Judgment.  On February 5, 2007, Defendants filed a response opposing summary

judgment.  (See Defendant's [sic] Answer to Plaintiff's Motion for Summary Judgement

("Response") **[Doc. No. 10]**).

    *Summary Judgment*

    Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact

and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).

Under Rule 56(c), the moving party "*always* bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact."  Reed v.

Bennett, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citation omitted).  "Where

the evidentiary matter in support of the motion does not establish the absence of a genuine issue,

summary judgment must be denied even if no opposing evidentiary matter is presented."  FED.

R. CIV. P. 56 (Advisory Committee Notes, 1963 Amendment, Subdivision (e)).

    Although Defendants oppose summary judgment "because there [are] disputed material

facts" regarding Plaintiff's claims, they do not specifically controvert any of Plaintiff's alleged

"facts."[2]  (Response at 2).  Nevertheless, this Court is not relieved of its duty to make the

specific determinations required by FED. R. CIV. P. 56(c).  See Reed, 312 F.3d at 1194 (finding

that "[s]ummary judgment is not proper merely because [the non-movant] failed to file a

response").  Accordingly, the Court will determine whether Plaintiff has met his "initial

---

    [2]The local rules of this Court provide that "[a]ll material facts set forth [by] . . . the
movant will be deemed admitted unless specifically controverted."  D.N.M.LR-Civ. 56.1(b).

responsibility" of demonstrating that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law.

*Discussion*

Plaintiff asserts that there are no material facts in dispute and that he is entitled to summary judgment as a matter of law.  However, having reviewed Plaintiff's Motion for Summary Judgment, the Court recommends that it be denied because Plaintiff has neither adequately informed the Court of the basis for his motion, nor specifically identified the relevant materials demonstrating the absence of a genuine issue of material fact.

First, Plaintiff fails to clearly identify the claim or claims for which he seeks summary judgment.  As Defendants point out, the bulk of Plaintiff's motion is devoted to disputing the affirmative defenses raised in Defendants' Answer, rather than presenting statements, evidence and argument in support of summary judgment on one or more of Plaintiff's claims.  Second, even assuming that Plaintiff's "facts of the case" constitute his statement of material facts for purposes of summary judgment, Plaintiff does not specifically identify the relevant materials that support each such "fact."[3]  Indeed, Plaintiff cites to supporting material for only three statements contained in his Motion for Summary Judgment.  (See Motion for Summary Judgment at 5, 8,12 (citing variously to Exs. A, B &/or C attached to Complaint)).

*Conclusion*

The Court finds that Plaintiff has not met his "initial responsibility" of demonstrating that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter

---

[3]See, e.g., D.N.M.LR-Civ. 56.1(b) (providing that a movant's statement of facts "must be numbered and must refer with particularity to those portions of the record upon which movant relies").

3

of law.  In finding that Plaintiff failed to meet his initial responsibility in moving for summary judgment, the Court does not reach a determination regarding the merits of the claims raised in this case.  Accordingly, the Court recommends that Plaintiff's Motion for Summary Judgement be denied without prejudice.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE