IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUNE JOTUNBANE,
a/k/a JEFFREY FORTER,

      Plaintiff,

v.                                                                                                          No. CV 06-809 JB/RHS

ERMA SEDILLO, ELMER BUSTOS,
and STANLEY MOYA,

      Defendants.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO QUASH

**THIS MATTER** comes before the Court on: (i) the Plaintiff['s] Motion for Partial Summary Judgement and Arguement [sic] and Statement of Undisputed Facts with Affidavit, filed February 27, 2008 (Doc. 21)("Motion for Partial Summary Judgment"), the Magistrate Judge's Proposed Findings and Recommended Disposition, filed November 6, 2008 (Doc. 46)("PFRD"); (iii) the Defendants['] Objections to Magistrate Judge's PFRD, filed November 24, 2008 (Doc. 47)("Objections"); and (iv) the Plaintiff's Reply to Defendants['] Objections and Plaintiff[']s Motion to Quash Objections, filed December 4, 2008 (Doc. 50)("Motion to Quash"). The primary issues are: (i) whether the Defendants violated Plaintiff Rune Jotunbane's First Amendment right to free exercise of his religion; (ii) whether the Defendants violated his right to free exercise of his religion under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Because the Court concludes that the Magistrate Judge correctly addressed the issues, the Court will overrule the Defendants' objections and adopt the findings and conclusions that

Jotunbane sincerely holds his religious beliefs and that the Defendants substantially burdened his right to exercise those beliefs without using the least restrictive means of furthering a compelling state interest. The Court clarifies, however, that further proceedings are necessary regarding the proper standard for officials to be held liable in their individual capacities under the RLUIPA and whether the Defendants can be held individually liable under the proper standard. The present grant of summary judgment therefore does not extend to individual liability. The Court will remand this matter to the Magistrate Judge for further proceedings in light of this opinion.

## **PROCEDURAL BACKGROUND**

Jotunbane, who is incarcerated and proceeding *pro se*, filed this lawsuit alleging that the Defendants improperly denied various requests associated with the recognition and practice of Asatru as a religion.[1] Jotunbane alleges that, in rejecting his requests, the Defendants violated his rights to the free exercise of religion and equal protection provided by the First and Fourteenth Amendments to the United States Constitution and the RLUIPA. See Complaint at 2, 3.

On February 27, 2008, Jotunbane filed a motion seeking summary judgment on his claims that Defendants Stanley Moya and Erma Sedillo violated: (i) his First Amendment right to free exercise of his religion; and (ii) his right to free exercise of his religion under the RLUIPA. See Motion for Partial Summary Judgment at 15-16. On March 31, 2008, the Defendants filed a response to Jotunbane's motion. See Response to Plaintiff's Motion for Partial Summary Judgment (Doc. 29)("Response"). As did the Magistrate Judge, the Court construes Jotunbane's "notices" as

---

[1] Jotunbane alleges that he is "a devout follower of the religion of Asatru." New Mexico Corrections Department ("NMCD") Inmate Informal Complaint, Ex. A to Complaint, filed August 31, 2006 (Doc. 1). According to Jotunbane, Asatru is the "ancestral tribal religion of the European peoples," and involves the worship of numerous deities from the Norse pantheon. Ex. 1 to Affidavit of Rune Jotunbane, Rún Jotunbane, Asatru/Odinism, An Introduction: For Correctional Facilities at 1, 4.

his reply. See Plaintiff[']s Notice to the Court, filed March 21, 2008 (Doc. 27)("Notice #1"); 2nd Notice to the Court, filed April 3, 2008 (Doc. 33)("Notice #2").  On November 6, 2008, the Magistrate Judge issued his report, recommending that the Court grant in part and deny in part Jotunbane's motion, see PFRD at 11, to which the Defendants' objected, see Objections. Jotunbane did not object to the Magistrate Judge's recommendations, but filed an opposition to the Defendants' Objections. See Motion to Quash.

## **ANALYSIS**

The Defendants broadly object to the Magistrate Judge's "conclusion of violating Palinitff's [sic] right under the RLUIPA to religious exercise." (Objections at 1)(typeface altered). With the exception of this general objection, however, it is difficult to determine whether the Defendants specifically object to *any* of the Magistrate Judge's findings.[2] The majority of the Defendants' objections are vague, unclear, disorganized, and repetitive. Moreover, the Defendants add to the confusion by referring to "findings" that the Magistrate Judge did not make.[3] The Defendants also fail to cite any case law or statutes in support of the various propositions they advance. The Court liberally construes the Defendants' objections to include those discussed below.

---

[2] See Gutianez v. Parker, 237 Fed.Appx. 349, 351-52 (10th Cir. 2007)(explaining that a party's failure to object waives the issue on appeal)(citing Hayes v. Whitman, 264 F.3d 1017, 1027 (10th Cir. 2001)(failure to object to specific issue in magistrate judge's report and recommendation waived the issue on appeal)); Pevehouse v. Scibana, 229 Fed.Appx. 795, 796 (10th Cir. 2007)(noting that district judge properly applied waiver rule in declining to consider new raised issues in objections).

[3] See, e.g., Objections ¶ 19, at 4 (asserting that the Magistrate Judge "use[d] [certain evidence] . . . as proof that NMCD was deliberately infringing on Jotunbane's religious freedom of right to worship"); id. ¶ 37, at 6 (referring to "the conclusion by the Magistrate Judge that NMCD officials deliberately hindered Plaintiff's religious worship")(emphasis in original); id. ¶ 38, at 6 (stating that "NMCD is deemed to have deliberately denied Plaintiff the ability to worship appropriately"). The PFRD contains no finding, however, that the Defendants or NMCD "deliberately" infringed, hindered, or denied Jotunbane's religious exercise.

The Defendants assert that the Magistrate Judge "accepted Plaintiff's contention that NMCD in effect banned the Asatru religion, with NMCD being <u>unaware</u> of the essential practices of the Asatru religion." Objections ¶ 6, at 2 (emphasis in original)(internal quotation marks and citation omitted)).[4]  The Defendants do not disagree, however, that the denial of Jotunbane's requests effectively "banned" the practice of Asatru.  Indeed, the Defendants concede "that NMCD may have negligently hindered Plaintiff's religious worship activities as they were unaware of the essential aspects of Plaintiff's sincerely held religious beliefs . . . ." Objections ¶ 16, at 3.  As such, it is difficult to conclude that Jotunbane's exercise of religion was *not* substantially burdened.  Moreover, although it may be relevant to the Defendants' intent, their knowledge of the "essential" practices or tenets of Asatru is irrelevant in determining whether Jotunbane's exercise of religion is substantially burdened under the RLUIPA.  <u>See</u> 42 U.S.C. § 2000cc-5(7)(A) (defining "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief").[5]

---

[4] In finding that Jotunbane demonstrated a substantial burden on his religious exercise, the Magistrate Judge pointed out that the Defendants neither dispute Jotunbane's description of Asatru, "nor disagree that Plaintiff's multiple requests related to these beliefs and practices were repeatedly denied and/or ignored." PFRD at 9.

[5] <u>See</u> <u>Cutter v. Wilkinson</u>, 544 U.S. 709, 725 n.13 (2005)(explaining that "RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion"). Further, "the Tenth Circuit recognized that for purposes of RLUIPA, the substantial burden requirement *must not make reference to 'fundamental' religious activities* as RLUIPA 'substantially modified and relaxed the definition of 'religious exercise.'" <u>Levie v. Ward</u>, 2007 WL 2840388, at *15 (W.D. Okla. Sept. 27, 2007) (not reported in F.Supp.2d)(quoting <u>Grace United Methodist Church v. City of Cheyenne</u>, 451 F.3d 643, 663 (10th Cir. 2006)(emphasis added)).

The Defendants repeatedly allege that Jotunbane failed to meet his burden of explaining the religious necessity of his requests.[6]  The Defendants do not, however, point to any policy, regulation, statute or other authority indicating that Jotunbane has such a burden.[7]  The Defendants acknowledge that Jotunbane provided "a plethora of contact information for various Asatru religious organization[s] in 34 states so that prison official[s] could verify via telephone, internet or postal the requests by plaintiff as legitimate."  Objections ¶ 40, at 7.  The Defendants apparently considered this information inadequate, however, because "none was available locally within the state of New Mexico."  Id. ¶ 42, at 7.  Finally, as previously noted, an inquiry into the "centrality" or "fundamental nature" of a particular religious belief or practice is barred under the RLUIPA.

The Defendants apparently object to the Magistrate Judge's conclusion that the Defendants failed to show that a blanket denial of Jotunbane's religious requests was the least restrictive means of furthering a compelling governmental interest, arguing that "all the demanded items were inappropriate at the start."  Objections ¶ 22, at 4.  The Defendants fail to explain, however, why all of Jotunbane's requests were "inappropriate at the start."  Finally, the Defendants do not challenge the Magistrate Judge's finding that the Defendants failed to show that the blanket denial was imposed in furtherance of "a compelling government interest."  PFRD at 10.  Having substantially

---

[6] See, e.g., Objections ¶ 3, at 2 (complaining that Jotunbane "gave no indication as to why [certain requested materials] . . . were necessary, or how they were essential to his religious worship"); id. ¶ 8 (contending that "the burden is appropriately upon the individual requesting accommodation for their [nonmainstream] religious preference to educate those who make decisions regarding materials for use in their belief system"); id. ¶ 13, at 3 (alleging it was "Plaintiff's responsibility to educate NMCD staff regarding Asatru and any required worship protocols and tenants [sic]")(emphasis in original).

[7] The responses to Jotunbane's requests and grievances do not indicate that his requests were rejected because of his failure to explain the religious necessity of the materials and services requested.

burdened Jotunbane's religious exercise, the Defendants must show that the burden imposed was (i) the least restrictive means of (ii) furthering a compelling governmental interest.  If the Defendants fail to meet *either* of these requirements, they fail to meet their burden under the RLUIPA.

The Defendants' arguments, however, have merit in one respect.  As the Court noted, the Magistrate Judge did not make any finding that the Defendants acted intentionally or deliberately.  While Jotunbane has demonstrated that his belief in Asatru is sincere and has shown that his rights to freely exercise his religion were denied without the Defendants employing the least restrictive means of furthering a compelling government interest, he has not at this point established that the Defendants acted intentionally, which may well be a prerequisite for the Defendants being held individually liable.  It is not clear whether Jotunbane is suing the Defendants in their individual capacities, their official capacities, or both.  The Court's review of the record, however, indicates that Jotunbane is likely asserting claims against the Defendants in both capacities.  His Complaint seeks both damages and injunctive relief, see Complaint at 10-11, while his Motion for Partial Summary Judgment notes that he is suing the Defendants "in their individual capacit[ies]." Motion for Partial Summary Judgment at 8.  At a minimum, Jotunbane's claims include individual capacity claims.

It is not clear, however, that an official can be held individually liable under the RLUIPA without a showing of intent or at least something more than negligence.  The United States Court of Appeals for the Fourth Circuit is apparently the only circuit court to have addressed this issue to date. The Fourth Circuit, in Lovelace v. Lee, 472 F.3d 174 (4th Cir. 2006), held that some standard of fault must be read into the RLUIPA for holding officials liable in their individual capacities.  See Lovelace v. Lee, 472 F.3d at 194.  The Fourth Circuit went on to find that negligence was too low

a standard, but that the RLUIPA must at a minimum cover intentional conduct, without reaching the issue whether a standard in between, such as deliberate indifference, would also satisfy the RLUIPA. See Lovelace v. Lee, 472 F.3d at 194-95.  A handful of district courts have also considered the issue and generally reached similar conclusions.  See, e.g., Garrison v. Dutcher, 2008 WL 4534098, at *6 (W.D. Mich.)(slip copy)(holding that RLUIPA requires intentional conduct); Treece v. Burnett, 2007 WL 2815020, at *10 (W.D. Mich.)(not reported in F.Supp.2d)(holding that RLUIPA requires at least some showing of fault).

Jotunbane is therefore entitled to summary judgment in part on his RLUIPA claim, but the summary judgment does not extend to individual liability.  Further proceedings will be necessary to determine the appropriate standard for liability in the Tenth Circuit and to determine whether that standard is met here.

Having considered the parties' submissions and relevant authorities, and having made a *de novo* determination of those portions of the Magistrate Judge's PFRD to which the Defendants object, the Court will overrule the Defendants' Objections, adopt the Magistrate Judge's proposed findings, will grant in part and deny in part Jotunbane's Motion for Partial Summary Judgment, and will deny Jotunbane's Motion to Quash.

**IT IS ORDERED** that: (i) the Defendants['] Objections to Magistrate Judge's PFRD (Doc. 47) are overruled; (ii) the Magistrate Judge's proposed findings (Doc. 46) are adopted by the Court; (iii) the Plaintiff['s] Motion for Partial Summary Judgement and Arguement [sic] and Statement of Undisputed Facts with Affidavit (Doc. 21) is granted in part and denied in part as follows: (a) that the sincerity of the Plaintiff's belief in Asatru shall be treated as an established fact; (b) that the Defendants substantially burdened the Plaintiff's right to religious exercise without demonstrating that the burden imposed was the least restrictive means of furthering a compelling governmental

interest shall be treated as an established fact; and © that the Plaintiff's motion for summary judgment with respect to his First Amendment and RLUIPA claims is otherwise denied at this time; and (iv) the Plaintiff's Motion to Quash Objections (Doc. 50) is denied.  This matter is remanded to the Magistrate Judge for further proceedings.

                                                                           _____
                                                                      UNITED STATES DISTRICT JUDGE

*Parties and Counsel*:

Rune Jotunbane
Oregon State Penitentiary
Salem, Oregon

      *Plaintiff pro se*

George F. Heidke, Jr.
  General Counsel
Carlos Elizando
  Deputy General Counsel
New Mexico Department of Corrections
Santa Fe, New Mexico

      *Attorneys for the Defendants*