IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUNE JOTUNBANE,
a/k/a JEFFREY FORTER,

       Plaintiff,

v.                                                                                                  No. CV 06-809 JB/RHS

ERMA SEDILLO, et al.,

       Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S RLUIPA CLAIMS**

       THIS MATTER comes before the Court on consideration of its Order for Supplemental Briefing, filed July 16, 2009 **[Doc. No. 58]**, Plaintiff's Court Ordered Supplemental Brief ("Plaintiff's Brief"), filed September 8, 2009 **[Doc. No. 59]**, Defendants['] Supplemental Brief ("Defendants' Brief"), filed October 16, 2009 **[Doc. No. 63]** and Plaintiff['s] Response to Defendants['] Brief ("Plaintiff's Response"), filed November 2, 2009 **[Doc. No. 64]**.  The United States Magistrate Judge, having considered the parties' submittals, the relevant authorities and being otherwise advised in the premises, proposes the following findings of fact and recommendations regarding Plaintiff's claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

       *Background*

       Plaintiff, who is incarcerated and proceeding *pro se*, filed this lawsuit alleging that Defendants improperly denied various requests associated with the recognition and practice of Asatru as a religion.  In a previous order, the Court determined: "that Defendants substantially burdened the Plaintiff's right to religious exercise without demonstrating that the burden

imposed was the least restrictive means of furthering a compelling governmental interest shall be treated as an established fact." (Order Adopting the Magistrate Judge's Proposed Findings Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment, and Denying Plaintiff's Motion to Quash ("Order re: Summary Judgment"), filed Mar. 4, 2009 **[Doc. No. 54]**). Noting that it is not clear whether an official can be held individually liable under the RLUIPA, the Court explicitly provided that Plaintiff's entitlement to summary judgment on his RLUIPA claim "does not extend to individual liability." (Order re: Summary Judgment at 6-7). The Court remanded this matter to the undersigned for further proceedings. The undersigned subsequently directed the parties to submit supplemental briefing regarding individual liability and relief available under the RLUIPA.

*Individual liability under the RLUIPA*

The RLUIPA provides that a plaintiff may assert a violation "in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). Defendants contend that there is no individual liability under the RLUIPA. (See Defendants' Brief at 15 (citing Smith v. Allen, 502 F.3d 1255, 1273 (11th Cir. 2007); Sossamon v. Lone Star State of TX, 560 F.3d 316, 329 (5th Cir. 2009)). The Court agrees. "The only Courts of Appeals to have squarely addressed this issue - - the Fifth, Seventh, and the Eleventh Circuits - - have held that RLUIPA does not create a cause of action for damages against individuals." Harris v. Schriro, 652 F.Supp.2d 1024, 1029 (D.Ariz. Aug. 11, 2009) (citing Sossamon, 560 F.3d at 328-29; Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009); Smith, 502 F.3d at 1272). In addition, a United States district court in this circuit understands the RLUIPA "to permit cases against a governmental entity, but *not* against an individual officer, except perhaps in his or her official capacity." Boles v. Neet, 402 F.Supp.2d 1237, 1240 (D.Colo. 2005) (citations omitted; emphasis added).

Accordingly, the Court concludes that Plaintiff's claims against Defendants in their individual capacities under the RLUIPA should be dismissed with prejudice.

*Relief available under the RLUIPA*

As an initial matter, it appears to the Court that any claim for injunctive relief under the RLUIPA is moot. According to Plaintiff, most of his religious requests were eventually granted and Plaintiff is apparently no longer an inmate in the New Mexico correctional system. Accordingly, the Court concludes that any claim seeking injunctive relief should be dismissed as moot.

Because the RLUIPA does not appear to permit claims against Defendants in their individual capacities, the only RLUIPA claims remaining are those against Defendants in their official capacities.[1] As Defendants point out, there is a division of authority regarding the relief available in a RLUIPA claim against official capacity defendants, and the United States Court of Appeals for the Tenth Circuit has not directly addressed this issue. However, the majority of circuits to address the issue have concluded that "appropriate relief" against official capacity defendants under the RLUIPA does not include monetary damages. See, e.g., Nelson v. Miller, 570 F.3d 868, 885 (7th Cir. 2009) (affirming the district court's decision that a defendant "is shielded from a monetary judgment in his official capacity under RLUIPA"); Sossamon v. The Lone Star State of Texas, 560 F.3d 316, 331 (5th Cir. 2009) (concluding that any damages award against an official capacity defendant in a RLUIPA action is barred); Madison v. Virginia, 474 F.3d 118, 132 (4th Cir. 2006) (concluding that the term "appropriate relief" does not waive

---

[1] A claim against a state defendant in his or her official capacity is "no different than a suit against the State itself." Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989).

immunity for monetary relief).  Finally, the Boles court noted that the RLUIPA appears to limit the relief available against official capacity defendants to injunctive or declaratory relief.  See id. at 1241.  Accordingly, the Court concludes that Plaintiff's RLUIPA claims for monetary damages against Defendants in their official capacities should be dismissed with prejudice.

*Recommendations*

For all the reasons set forth above, the Court respectfully recommends that:

(1) Plaintiff's claims against Defendants in their individual capacities under the RLUIPA be dismissed with prejudice;

(2) Plaintiff's claims for injunctive relief under the RLUIPA be dismissed as moot; and

(3) Plaintiff's claims for monetary damages under the RLUIPA be dismissed with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE