IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUNE JOTUNBANE,
a/k/a JEFFREY FORTER,

       Plaintiff,

v.                                                                                    No. CV 06-809 JB/RHS

ERMA SEDILLO, et al.,

       Defendants.

### ORDER DENYING DEFENDANTS' MOTION TO DENY

      THIS MATTER comes before the Court on consideration of its "Order to Show Cause,"

filed March 18, 2010 **[Doc. No. 72]** and "Defendant's [sic] Response to Magistrate Judge's

Order to Show Cause" ("Response"), filed April 5, 2010 **[Doc. No. 74]**.  In its show cause order,

the Court found Defendants' "Motion to Deny Plaintiff's Renewed Motion for Summary

Judgment on 1st Ammendment [sic] Claim of Free Exercise of Religion" ("Motion to Deny"),

filed March 15, 2010 **[Doc. No. 70]** to be unclear and/or improperly titled, and directed

Defendants to show cause why the Motion to Deny should not be denied and sanctions imposed.

      In their Response, Defendants concede that the Motion to Deny is incorrectly titled and

explain that the document is neither a motion nor objections, but rather, is a "Response to

Plaintiff's Renewed Motion for Summary Judgment."  (Response at 2 ¶ 8).  However, in their

Response, Defendants again fail to identify Plaintiff's motion by either filing date or docket

number.  (See Order to Show Cause, at 1 n.1 (pointing out that "Defendants fail to identify

Plaintiff's motion by either filing date or docket number")).  After reviewing *every document

filed by Plaintiff in this case*, the Court could not find *any* document entitled "Plaintiff's

Renewed Motion for Summary Judgment."  Moreover, the Court notes that in filing the Motion to Deny, Defendants did not link that document to any document filed by Plaintiff.  Finally, as previously noted, the Court is not aware of any motion filed by Plaintiff that is pending or awaiting a response, and Defendants have identified none.  Defendants' Response fails to provide any useful information whatsoever regarding the purpose of the Motion to Deny, and wholly fails to show any cause, much less good cause, why the motion should not be denied without further consideration.  Accordingly, Defendants' Motion to Deny will be denied.

A court may impose a monetary sanction to account for its own time expended in dealing with unnecessary matters.  See, e.g., Royalty Petroleum Co. v. Arkla, Inc., 129 F.R.D. 674, 685 (W.D.Okla. 1990).  In this case, Defense counsel's conduct has unnecessarily wasted Court time and resources that could have been more productively utilized.  Defendants' filings demonstrate a recurring lack of familiarity with the procedural rules of this Court.  The Court is concerned with counsel's apparent ignorance of, and/or disinterest in, carefully reading and complying with the Court's orders and the procedural rules of federal practice, even when faced with an order to show cause on this issue.  Nevertheless, although sanctions are justified based on Defendants' failure to comply with procedural rules and orders and the resultant waste of judicial resources, the Court will not impose sanctions at this time.  Once again, however, the Court strongly and emphatically urges Defense counsel to carefully review and comply with the orders of the Court, the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure and the CM/ECF Administrative Procedures Manual.

**WHEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Deny Plaintiff's Renewed Motion for

2

Summary Judgment on 1st Ammendment [sic] Claim of Free Exercise of Religion **[Doc. No. 70]** is **denied**.


ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE